UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff*,<br><br>v.<br><br>DANNY LAWHORN,<br>    *Defendant*. | )<br>)<br>)   3:23-CR-166 (OAW)<br>)<br>)<br>)<br>)<br>)<br>) |

**RULING ON MOTION FOR RETURN OF SEIZED PROPERTY**

Movant Danny Lawhorn seeks the return of his iPhone 12 ("iPhone"), which was seized by the Federal Bureau of Investigation ("FBI") pursuant to a search and seizure warrant in 2021. ECF No. 108 ¶ 1. In September 2023, Mr. Lawhorn pleaded guilty to Possession With the Intent To Distribute a Controlled Substance and was sentenced by this court in February 2024. *Id.* ¶ 4. On December 5, 2024, Mr. Lawhorn filed the instant Motion for Return of Seized Property. ECF No. 108. The court has reviewed the motion, the government's opposition thereto, ECF No. 110, Movant's reply in support thereof, ECF No. 111, and the record in this case. For the reasons discussed herein, the motion is **DENIED**.

I. **BACKGROUND**

On October 6, 2021, the court (*Hon. Robert A. Richardson, J.*) authorized a criminal complaint and arrest warrant for Movant, charging him with Coercion and Enticement of a Minor To Engage in Criminal Sexual Activity, in violation of 18 U.S.C. § 2422(b), and Possession With the Intent To Distribute a Controlled Substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). ECF No. 1. On October 7, 2021, the court

1

(*Richardson, J.*) authorized a search warrant for Movant's iPhone 12 upon a finding of probable cause that Mr. Lawhorn used it to violate 18 U.S.C. § 2422(b).  *See In the Matter of the Application for Search Warrant*, 21-mj-1019 (RAR), ECF No. 1-1 ¶¶ 12–13. Pursuant to the search warrant, the FBI seized Movant's phone and took custody of it in New Haven.  ECF No. 8 ¶¶ 1–3.  The FBI tried to extract the contents of the iPhone, but its extraction software "at that time" was unable to break the phone's locked and encrypted status.  ECF No. 110 at 1.  The FBI thereafter retained custody of the iPhone.

Between June and October 2021, the State of Connecticut also brought four criminal cases against Movant for sexual assault and the sale of narcotics.[1]  Mr. Lawhorn proceeded to trial in one of them and was found guilty of Sexual Assault in the Second Degree, in violation of § 53a-71(a)(9) of the General Statutes of Connecticut, on September 19, 2024.  *See* No. HHD-CR21-0744591-T (Conn. Super. Ct. 2024).  And in each of the four state cases, the State of Connecticut's Judicial Branch website shows Attorney Schoenhorn (who filed the instate motion in federal court) as counsel of record.

In this court, on September 28, 2023, Movant pleaded guilty to the narcotics charge, ECF No. 87, and on February 9, 2024, he was sentenced to one year in prison followed by three years of supervised release, ECF Nos. 104–105.  The government retained the iPhone following sentencing, but did not seek its forfeiture through the plea agreement, at sentencing, or by way of a civil forfeiture proceeding.  ECF No. 108 ¶ 5; *see generally*, ECF No. 87.  In sum, the government retained Movant's iPhone since its seizure in 2021, even though the government could not access its contents and Movant's

---

[1] The state criminal cases can be found on the State of Connecticut Judicial Branch's Criminal Case website, https://www.jud.ct.gov/crim.htm, under the following docket numbers: H14H-CR21-746516-S, HHD-CR21-287093-0, HHD-CR21-746517-T, and HHD-CR21-744591-T (last visited Apr. 1, 2025).

2

federal case had been resolved as of February 9, 2024.  However, for his part, it seems that Mr. Lawhorn did not move for return of the phone during that period of time.

Then on November 6, 2024, the Hartford Police Department secured a search and seizure warrant in state criminal court for Mr. Lawhorn's phone in connection with the ongoing prosecution of his state sexual assault charges.[2]  See Ex. A, ECF No. 110-1.  In the warrant, the affiant represented that advanced forensic software which was not available to the FBI in 2021, should by that point have rendered it able to "provide access to the cell phone's file system, which would result in the recovery of information that was not previously able to be reviewed."  Id. at 3–4.  The warrant states that the iPhone was "held at 101 Lafayette Street, Hartford, Connecticut," which is the address of the Hartford State's Attorney's Office.  Id. at 8; see also ECF No. 111 at 1.  Plaintiff represents that at some unspecified time after November 6, it transferred legal possession of the phone to state authorities, though it now is in the physical custody of the FBI's Computer Analysis Response Team ("CART") in New Haven, Connecticut.  See ECF No. 110 at 5.

Mr. Lawhorn did not file a motion for return of his phone until December 5, 2024.  ECF No. 108.  The government objected, arguing that because it no longer had legal possession of the iPhone, Mr. Lawhorn could not seek its return under Federal Rule of Criminal Procedure 41(g).  ECF No. 110 at 4.  Movant's counsel filed a response thereto, requesting a hearing, challenging the constitutionality of the state warrant, and mounting several arguments that the iPhone must be returned pursuant to Rule 41(g) and the Fourth Amendment.  See ECF No. 111 at 1–3.  Finally, on January 13, 2025, and again on March 24, Mr. Lawhorn filed requests for a status conference.  ECF Nos. 112, 113.

---

[2] The Connecticut authorities did not provide a copy of the warrant to Mr. Lawhorn's counsel until December 18, 2024.  ECF No. 111 at 1.

3

## II. <u>LEGAL STANDARD</u>

It is well-established that "[u]pon termination of criminal proceedings, seized property, other than contraband, should be returned to [its] rightful owner." *Buculei v. United States*, 440 F. Supp. 2d 225, 227 (E.D.N.Y. 2006) (citing *United States v. David*, 131 F.3d 55, *59 (2d Cir. 1997)) (quotations omitted). Federal Rule of Criminal Procedure 41(g) allows "a person whose property has been lawfully seized [to] seek return of property when aggrieved by the government's continued possession of it." Fed. R. Crim. P. 41 Advisory Committee's Notes to 1989 amendment; *see also Allen v. Grist Mill Capital LLC*, 88 F.4th 383, 395 (2d Cir. 2023) (summarizing evolution of Rule 41(g)). Accordingly, a person whose property was lawfully seized during criminal proceedings may seek the return of such property pursuant to Rule 41(g) upon conclusion of those proceedings.

Once criminal proceedings have ended, there is a presumption that non-contraband property should be returned to the owner. *Allen*, 88 F.4th at 396. Nonetheless, the government can rebut this presumption by demonstrating that it has a "legitimate reason" for retaining the seized property that is "reasonable under all of the circumstances." *Id.* (citing cases).

Whether the government still has possession of the movant's property generally is dispositive of 41(g) motions. "[I]f the Government no longer possesses the property at issue, no relief is available under Rule 41(g)." *Bokel v. NYPD Prop. Clerk Div.*, No. 06CV2849 (SLT) (LB), 2008 WL 899404, at *2 (E.D.N.Y. Apr. 3, 2008) (citing *United States v. Stevens*, 500 F.3d 625, 628 (7th Cir. 2007)); *see also United States v. Corley*, No. 13-CR-48 (AJN), 2020 WL 4676650, at *14 (S.D.N.Y. Aug. 11, 2020) (rejecting a 41(g) request because "there is no property in the Government's possession for the

Government to return"); *see also United States v. Davis*, 789 F. App'x 105, 109 (11th Cir. 2019) ("The government is not obligated to return property that it . . . no longer possesses, but it must provide some evidentiary support for its claim that it does not possess the property at issue."); *see also Bailey v. United States*, 508 F.3d 736, 740 (5th Cir. 2007) ("If the district court finds that the government no longer possesses [property sought under 41(g)], his motion must be denied because the government cannot return property it does not possess").

Whether the government possesses the phone is a question of fact, and factual determinations must be based on evidence received by the court. *Stevens*, 500 F. 3d at 628. The court is not obligated to conduct an evidentiary hearing, and evidence may come "in the form of sworn affidavits or documents verifying the chain of custody of particular items." *See id.* (citation omitted).

Finally, a criminal defendant's motion for return of seized property after the termination of criminal proceedings is treated as a civil complaint for equitable relief. *See David*, 131 F.3d at *61; *Allen*, 88 F.4th at 394 (ruling that such civil actions are treated "conceptually and procedurally distinct" from other motions on the criminal case docket).

### III. DISCUSSION

#### A. Plaintiff's Possession of the iPhone

As a threshold matter, the court must make a factual determination as to whether Plaintiff is in legal possession of the iPhone. *Stevens*, 500 F.3d at 628. The government represents that "legal possession of the Apple iPhone has been transferred to the state of Connecticut." ECF No. 110 at 5. In support of this assertion, it provides

5

the court with the affidavit and application for a search and seizure warrant for Movant's iPhone.  Ex. A, ECF No. 110-1.  Movant does not dispute that the iPhone is now in legal possession of the state of Connecticut.  *See* ECF No. 111 at 7 (stating the iPhone was "illegal[ly] transf[red] to state officials").  Rather, he challenges the legality of the phone's retention and the state's warrant to seize it.  *Id.* at 1–3.

Due to the parties' agreement and the evidence presented, the court finds that the government transferred the iPhone to Connecticut authorities pursuant to the warrant.  This finding is dispositive of Movant's motion.  "Rule 41(g) permits only the recovery of property *in the possession* of the Government."  *Bokel*, 2008 WL 899404, at *2 (emphasis added).  Thus, the court cannot grant Movant relief under Rule 41(g) as Plaintiff no longer has legal possession of the iPhone.  *See United States v. Francis*, 646 F.2d 251, 262–63 (6th Cir. 1981) (affirming denial of motion for return of property after the government "lawfully turned the money over to the state").

It is of no moment that the phone might be in the possession of the FBI, because forensic data extraction by the FBI was contemplated within the plain language of the search warrant authorized by the state court.

To the extent Mr. Lawhorn's goal is suppression of evidence collected for any current or future state prosecution, or the halting of any ongoing search, Movant concedes his federal prosecution is over and that the government retention of the phone as *federal* evidence has long since been "abandoned."  ECF No. 111 at 3.  Movant agrees that if the government transferred the iPhone to state authorities pursuant to a valid legal process, he would have no relief under 41(g).  ECF No. 111 at 2 n.2.  Therefore, he challenges the legality of the phone's transfer.  In so doing, though, he

6

ignores the important distinction between physical custody and legal custody of property.  See generally, Possession, Black's Law Dictionary (12th ed. 2024).  The above determination is fatal to Movant's motion.

### B. Constitutionality of State Warrant

As for Mr. Lawhorn's challenges to the validity of the state search and seizure warrant, the court begins by noting that Attorney Schoenhorn is listed as counsel of record as to each of the four state cases relevant to this claim (three of which remain pending in state criminal court).  However, it is unclear whether counsel has filed in state court any similar motion to return the property which the court has determined to have been seized pursuant to the state search and seizure warrant.   It is there, in state court, that any challenge to the validity of the state search warrant should occur.  For that reason, the court does not reach the merits of Mr. Lawhorn's challenges to the state search warrant which issued and was executed some nine months after the federal case was resolved.

### C. Request for Hearing

Finally, the court turns to Movant's request for an evidentiary hearing where he could dispute "the government's representations with regard to the device." Id. at 15.

While the court "must take evidence and make findings of fact where necessary to decide the [Rule 41(g)] motion," it only must hold an evidentiary hearing "if any disputed material facts are necessary to the decision of the motion." United States v. Podlog, 108 F.3d 1370, 1370 (2d Cir. 1997); see also United States v. Holmes, No. 09 Cir. 126 (JGK), 2013 WL 237187, at *1 (S.D.N.Y. Jan. 23, 2013).

In this matter, the dispositive question of fact is whether the government has possession of the iPhone, and the court already has determined that it does not, as the

7

government transferred the phone to state authorities.  There are no remaining facts in dispute which would materially change the disposition of the motion, therefore a hearing is unnecessary, and Movant's request is denied.

IV. **CONCLUSION**

For the reasons discussed herein, it is **ORDERED:**

1. Movant's Motion for Return of Seized Property, ECF No. 108, is **DENIED.**

2. Movant's Motions for Status Conference, ECF Nos. 112, 113, are **DENIED.**

**IT IS SO ORDERED** in Hartford, Connecticut, this 3rd day of April, 2025.

/s/
OMAR A. WILLIAMS
UNITED STATES DISTRICT JUDGE